```
                                        ┌─────────────────────────┐
                                        │          FILED          │
                                        │  ┌───────────────────┐  │
                                        │  │    MAR 3 1 2008    │  │
                                        │  └───────────────────┘  │
                                        │ CLERK, U.S. DISTRICT COURT│
                                        │      NORFOLK, VA        │
                                        └─────────────────────────┘
```

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARK ANTONIO WALLACE, #337808,

        Petitioner,

v.                                      CIVIL ACTION NO. 2:08cv28

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On April 27, 2004, Petitioner, Mark Antonio Wallace ("Wallace"), was found guilty in a jury trial,[1] in the Circuit

---

[1]Wallace was represented at his preliminary hearing and arraignment by court-appointed counsel, Leon R. Sarfan, Esq. ("Sarfan"). Sarfan was allowed to withdraw, and David B. Olson, Esq. ("Olson"), was appointed to represent Wallace on August 25, 2003. Olson was allowed to withdraw, and James B. Thomas, Esq. ("Thomas"), who was retained by Wallace, was substituted on January 9, 2004. Thomas represented Wallace at trial and at the subsequent

Court for the City of Newport News, Virginia ("Circuit Court"), of abduction, malicious wounding and armed burglary.  Wallace was sentenced to serve a total of forty-seven (47) years in prison,[2] as reflected in the Court's Sentencing Order entered on September 14, 2004.  Circuit Court Case Nos. 51607-03 through 51690-03.

On September 20, 2004, Wallace noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"), and on November 29, 2004, he filed his petition for appeal.[3]  In a one-judge decision, on February 25, 2005, the court granted Wallace's petition in part, as to the second assignment of error, whether the trial court erred in denying Wallace's motion to dismiss the indictments for lack of a speedy trial pursuant to Va. Code Ann. § 19.2-243, but denied it

---

sentencing.   After the convictions and sentencing, Charles E. Haden, Esq. ("Haden"), was appointed on or about September 14, 2004 to represent Wallace on direct appeal.

[2]Wallace was sentenced to a term of five (5) years for abduction; a term of twenty (20) years for malicious wounding; and a term of twenty-two (22) years for armed burglary.

[3]This appeal alleged essentially the following errors:
(I)   The trial court erred in denying Wallace's motion to strike the breaking and entering and abduction charges;
(II) The trial court erred in denying Wallace's motion to dismiss the indictments for lack of a speedy trial pursuant to Va. Code Ann. § 19.2-243; and
(III) The trial court erred in overruling Wallace's objection to questions regarding prior alleged acts of spousal abuse by Wallace, where the prejudicial effects of the questioning far outweighed the probative value.

in part, as to the remaining grounds of error.[4] Record No. 2177-04-1 ("Wallace I"). After briefing and argument, the Court of Appeals refused the petition for appeal as to the remaining assignment of error on October 18, 2005, affirming Wallace's convictions.[5] Record No. 2177-04-1. ("Wallace II"). Wallace did

---

[4]The court held that:

As to the first assignment of error, alleging that the trial court erred in denying Wallace's motion to strike the breaking and entering and abduction charges, because Wallace had failed to articulate the purported error to the trial court, he had failed to preserve the issue for appeal. Thus, the first assignment of error was barred by Rule 5A:18, and could not be raised for the first time on appeal. Further, the court found there was no reason to invoke the good cause or ends of justice exception to Rule 5A:18; and

As to the third assignment of error, alleging that the trial court erred in overruling Wallace's objection to questions regarding prior alleged acts of spousal abuse by Wallace, the trial court did not err by allowing Wallace's wife to testify about prior acts of domestic violence because such testimony was offered in rebuttal to Wallace's own evidence suggesting that there was no such domestic violence. Also, as to the assertion that the trial court's decision was in error because the prejudicial effects of such evidence far outweighed the probative value, the court held that because Wallace had failed to object on those grounds at trial, he had failed to preserve the issue for appeal under Rule 5A:18.

[5]The Court of Appeals noted that Wallace had been arrested on the instant charges on June 28, 2003, and he was continuously incarcerated since the preliminary hearing to establish probable cause, on July 29, 2003, until his trial on April 26, 2004 – for a total of 272 days. The trial was originally set for September 12, 2003, but the court found there was no speedy-trial violation because the delay was due to a number of substitutions of counsel and continuances, most of which were attributable to Wallace:

1) On August 25, 2003, the trial court granted the motion to withdraw by Wallace's first court-appointed counsel, Sarfan, resulting in the substitution of Olson as counsel, and moved the trial to November 11, 2003 (first continuance charged to Wallace);

2) On November 3, 2003, the trial court granted the motion for a continuance by Wallace's second court-appointed counsel, Olson, to provide additional time to review medical records (the court

3

noted Wallace's allegation that he opposed this continuance, based upon a letter he alleges was sent to Olson on or about October 6, 2003, but the court found there was nothing in the record documenting Wallace's objection to the continuance, and, further, Wallace provided no authority upon which the court could find that the continuance would not be attributable to him for speedy-trial purposes simply because he opposed the continuance in such a letter), and moved the trial date to February 23, 2004 (second continuance charged to Wallace);

3) On January 9, 2004, the trial court granted the motion by Wallace's third counsel, Thomas, to allow Olson to withdraw and to substitute Thomas (who was retained by Wallace) as counsel, though the trial date remained unchanged; and

4) On February 23, 2004, the trial court granted the Commonwealth's motion for a third continuance, over Wallace's objection, and moved the trial date to April 26, 2004 (third continuance charged to the Commonwealth).

The Court of Appeals further noted that Wallace had moved, through his third counsel, Thomas, to dismiss the indictments for lack of a speedy trial on April 15, 2004; that motion was denied by the trial court, and the jury trial commenced on April 26, 2004. In so moving, Wallace argued that he should not be charged with the delays caused either by the first continuance (substituting Olson for Sarfan), or the second continuance (granting Olson's motion for more time to review medical records), because Wallace did not request or concur in those continuances. On appeal, Wallace again argued that neither the first nor second continuances should be charged to Wallace, thus, excluding the delays associated with those continuances, the speedy trial act was violated because his trial was not held within the statutorily-prescribed five-month time period, under Va. Code Ann. § 19.2-243. The parties agreed that the third continuance, on the Commonwealth's motion, was not attributable to Wallace; however, Wallace did not argue in his direct appeal that the third continuance should not have tolled the speedy-trial calculations. As such, Wallace in effect argued that there were 164 days that should not have been used to toll the running of the speedy-trial clock: 60 days associated with the first continuance (the time period from September 12, 2003, the originally scheduled trial date, until November 11, 2003, the date of the first continuance), plus 104 days associated with the second continuance (the time period from November 11, 2003, the date of the first continuance, until February 23, 2004, the date of the second continuance). The Court of Appeals, citing Va. Code Ann. § 19.2-243(4) (five-month requirement of speedy trial act does not include the period of time caused by a continuance "granted on the motion of the accused or his counsel"), rejected that argument because the court found that both continuances at issue were

not seek a rehearing of this decision, nor did he seek review by a three-judge panel.

On October 24, 2005, Wallace filed his petition for appeal with the Supreme Court of Virginia.[6]  On March 23, 2006, the court summarily refused the appeal.[7]  Record No. 052157 ("Wallace III"). This decision concluded Wallace's direct appeal, as he did not file a request for review by a three-judge panel, and he did not file a petition for writ of certiorari with the United States Supreme Court.

On March 20, 2007, Wallace executed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia ("State Habeas Petition").[8]  On September 12, 2007,[9] the court denied and

---

granted on motion of Wallace's counsel and were attributable to Wallace for speedy-trial purposes.  As such, the court determined that though Wallace had been continuously confined for 272 days before his trial commenced, the speedy-trial clock was properly tolled for the 164 days associated with the first and second continuances, thus Wallace's trial did occur within the five-month statutory requirement.

[6]This appeal alleged essentially the same claims that were presented to the Court of Appeals, see supra note 3.

[7]The Court notes that when the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

[8]The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  The Court has applied this rule in considering Wallace's State Habeas Petition as filed on the date of execution, March 20, 2007, for tolling purposes, infra.

dismissed the petition.[10]   Record No. 070605 ("<u>Wallace IV</u>").

The State Habeas Petition alleged essentially the following claims:

(I) Wallace was denied his right to effective assistance of counsel due to the failure of his trial counsel (Thomas) to "file for a 'new trial and/or to set aside the verdict,' due to improper third-party communication"; and

(II) Wallace was denied his right to effective assistance of counsel due to the failure of his appellate counsel (Haden) to "file and show that a third-party had come in contact with jurors and the third-party influenced the jury verdict[,] . . . and that the 'ends of justice exception' applies to Rule 5A:18 / 5:25 [sic] for [a]ppeals to attain the ends of justice."

[9]On May 2, 2007, Wallace moved to amend his State Habeas Petition, attempting to assert two (2) additional claims: "[l]ack of a speedy trial; in which case [sic] is a [S]ixth [A]mendment violation," and "[i]n violation of the Fifth, Sixth and Fourteenth Amendments[,] trial counsel was ineffective and incompetent; [sic] during closing arguments, acknowledging petitioner was guilty of a lesser crime or justifiable of [sic] actions alleged, without first securing defendants [sic] approval of attorney's tactics." The Supreme Court of Virginia summarily denied that motion on May 15, 2007, and the court took no formal action on Wallace's May 25, 2007 petition for rehearing of that decision, which was later withdrawn by Wallace on or about June 8, 2007. Because those claims were never considered as part of the State Habeas Petition, the Supreme Court of Virginia never considered Wallace's purported assertion that the delay in his trial date not only violated Virginia's speedy-trial law, Va. Code Ann. § 19.2-243, but also violated his Sixth Amendment rights (presented as part of the instant claim (1)), and that court never considered his assertion that trial counsel was ineffective for certain arguments made during closing (presented as the instant claim (2)). <u>See infra</u> Section III.A.1-III.A.2.

[10]The court essentially held that Wallace could not prevail on either of his claims because he did not show that counsel's performance was deficient nor that he was prejudiced thereby, pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). As to claim (I), the court noted that Wallace failed to identify, or proffer any affidavits, from either the third party or the juror, as to the content of any allegedly improper communications. Also, the court noted that trial counsel had moved for a mistrial on the ground that the prosecutor discussed the case outside the courtroom where that conversation may have been overheard by a juror; that motion was denied by the trial court, finding that there was no

Wallace did not seek a rehearing of this decision.

On January 3, 2008,[11] while in the custody of the Virginia Department of Corrections at the Greensville Correctional Center, Wallace executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition"), accompanied by the $5.00 filing fee.[12]   This Court received and filed this petition on January 17, 2008.   On February 8, 2008, Respondent filed his Motion to Dismiss and Rule 5 Answer, accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(K).   On March 24,

---

prejudice.  As to claim (II), the court noted that nothing in the record corroborated Wallace's claims as to third-party contact, thus appellate counsel was not ineffective for failing to raise a frivolous argument on appeal.

[11]The Court notes that Wallace previously filed a federal Habeas petition, on or about March 22, 2007, alleging the same grounds as in the instant petition.  By Order entered December 12, 2007, this Court granted Respondent's motion to dismiss that petition, without prejudice, because at that time Wallace's State habeas Petition remained pending.

[12]The petition was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on January 11, 2008, and was filed with this Court on January 17, 2008.
    The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in the record to the contrary, the Court will credit Wallace with having delivered the Federal Habeas Petition into the prison mailing system for mailing on the date of execution, January 3, 2008.  Further, the Court considers the petition as filed, for statute of limitations purposes, on that date.

2008, the Court received and filed Wallace's "Motion to Dismiss and Rule 5 Answer Defendant [sic] Answer/<u>Motion to Appoint Counsel</u> [sic],"[13] which the Court construes both as a response to Respondent's motion to dismiss ("Wallace's Response") and Wallace's motion to appoint counsel.

## B. <u>Grounds Alleged</u>

Wallace now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

> (1)   Denial of Wallace's right to a speedy trial, pursuant to Va. Code Ann. § 19.2-243, and in violation of his Sixth Amendment rights; and
>
> (2)   Denial of Wallace's right to effective assistance of counsel, under the Fifth, Sixth and Fourteenth

---

[13]The Court notes that this pleading was originally received by the Court on March 3, 2008; however, it was filed subject to defect as it was not signed by Wallace, in violation of Rule 11(a) of the Federal Rules of Civil Procedure, which requires that "[e]very pleading, written motion and other paper must be signed by at least one attorney . . . or by a party personally if the party is unrepresented [by an attorney.]"  By order of March 14, 2008, the Court directed Wallace to correct the defect within twenty-one (21) days or the pleading would be stricken.  On March 24, 2008, the Court again received this pleading, each page having been endorsed by Wallace.  The defect having been cured, the Clerk is DIRECTED to file this pleading in the instant case.

The Court further notes that this pleading appears to have been prepared, and was signed on Wallace's behalf, by his mother, Pauline Wallace-Keaton, a self-professed "Human Rights Advocate," who purports to act as Wallace's "Human Rights Representative" under the authority of a September 24, 2002, Power of Attorney. Attached to the pleading were various enclosures, including an Affidavit Stating Facts on Information and Belief, dated February 29, 2008, by Ms. Wallace-Keaton ("Wallace-Keaton-Affidavit"). This information will be considered here to the extent it bears upon the claims raised in the instant petition.

Amendments, for stating during closing arguments, without Wallace's consent, that Wallace might have been at the scene of the crime, but was guilty of a lesser crime, and for suggesting that the wounds sustained by the victim could have been caused by a fall in the shower.

## II. <u>PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL</u>

As a preliminary matter, the Court considers Wallace's request for appointment of counsel. <u>See supra</u> note 13. The Court has determined that Wallace has not alleged any "exceptional circumstances" that would warrant appointment of counsel in this matter. <u>See</u> <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975); <u>Griffin v. Virginia</u>, 606 F. Supp. 941, 943 (E.D. Va. 1985), <u>aff'd</u>, 780 F.2d 1018 (4th Cir. 1985) (unpublished table decision). Accordingly, the Court DENIES Wallace's motion for appointment of counsel.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that all of Wallace's claims are exhausted, but that a portion of claim (1) and the entirety of claim (2) are also procedurally defaulted before this Court. The Court further FINDS that only the unexhausted portion of Wallace's claim (1) warrants review on the merits, but that claim is without merit.[14]

---

[14]Though Respondent has not asserted the statute of limitations as an affirmative defense, the Court considers here the timeliness of Wallace's Federal Habeas Petition. <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006) (federal habeas courts are "permitted, but not obligated, to consider <u>sua sponte</u>, the timeliness of a state prisoner's habeas petition"). Wallace's conviction became final on June 21, 2006, ninety (90) days after the denial of his petition for appeal on March 23, 2006, by the

Supreme Court of Virginia, and the date upon which the period for
seeking direct review of his conviction by the United States
Supreme Court expired.  <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Harris v.
Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly,
without considering any tolling of the statute of limitations,
Wallace had one (1) year from that date, or until June 21, 2007,
within which to file his petition with this Court, or be barred by
the expiration of the statute of limitations.   28 U.S.C. §
2244(d)(1).  Because the instant petition was considered as filed
on January 3, 2008, <u>see supra</u> note 12, for statute of limitations
purposes, it was filed outside the applicable statute of
limitations period.

The Court recognizes that a person in state custody may toll
the running of the limitation period during the time in which a
properly filed application for state post-conviction or other
collateral proceedings remains pending.  28 U.S.C. § 2244(d)(2).
Such an application remains pending throughout the state review
process, including the time period between a lower state court's
decision and the filing of a notice of appeal to a higher state
court.   <u>Carey v. Saffold</u>, 536 U.S. 214, 220-21 (2002); <u>Rouse v.
Lee</u>, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction
proceeding for § 2244(d)(2) tolling purposes encompasses all state-
court proceedings "from initial filing [in the trial court] to
final disposition by the highest state court." (quoting <u>Taylor v.
Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999))).

In the instant case, the record reflects that Wallace's State
Habeas Petition was properly filed with the Supreme Court of
Virginia within the meaning of § 2244(d)(2).  Thus, Wallace was
entitled to tolling for 176 days, from March 20, 2007, the date of
execution, <u>see supra</u> note 8, until September 12, 2007, the date it
was denied.  Such tolling extended Wallace's original deadline for
filing the instant petition from June 21, 2007, until December 14,
2007.  Therefore, Wallace's petition, filed on January 3, 2008, <u>see
supra</u> note 12, was still filed twenty (20) days outside the
applicable statute of limitations.  Accordingly, it appears the
that Respondent could have asserted the statute of limitations as
an affirmative defense.   Because the Court has dismissed the
instant petition on other grounds, <u>infra</u>, thus not relying on the
statute of limitations as an affirmative defense, the Court
expresses no opinion on whether Respondent "intelligently cho[se]
to waive" the defense, or whether the failure to raise the defense
was "merely an inadvertent error."  <u>Day</u>, 126 S. Ct. at 1684-85 &
n.11.  Further, the Court expresses no opinion on whether Wallace
was entitled to tolling of the statute of limitations by the
premature filing of his initial federal habeas petition on or about
March 22, 2007, <u>see supra</u> note 11, though the Court's order
dismissing that petition without prejudice on December 12, 2007

## A.   Exhaustion

In order for this Court to address the merits of this habeas petition, Wallace's claims must be exhausted. See 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b).   The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).   Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).   In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).   "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are treated as simultaneously exhausted and procedurally defaulted and are barred from this Court's review. Clagett v. Angelone, 209 F.3d

---

stated that Wallace was not so entitled.

370, 378-79 (4th Cir. 2000). Further, if any of a petitioner's claims were presented to the highest state court, but were not addressed on the merits because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Respondent has asserted that both of Wallace's claims are exhausted, but that only claim (1) warrants review on the merits because claim (2) is also procedurally defaulted, having never been presented to the Supreme Court of Virginia on direct appeal or in the State Habeas Petition. Respondent's Memorandum, at 3-4. The Court concurs that both claims have been exhausted. The Court further concurs that claim (2) is procedurally defaulted, but it also appears that a portion of claim (1) is also procedurally defaulted.

### 1. <u>Portion of Claim (1) is Procedurally Defaulted</u>

The instant claim (1) in effect comprises two (2) sub-claims. As the first sub-claim, Wallace asserts that the delay in his trial violated his rights to a speedy trial under Virginia law because some of the continuances of his trial, <u>see supra</u> note 5, should not have been used to toll the five-month speedy-trial calculations under the applicable Virginia statute, <u>see infra</u> note 20. As the second sub-claim, Wallace makes the unsupported assertion that this

12

delay violated his Sixth Amendment rights.

In support of the first sub-claim, Wallace does not appear to contest that he should be charged with the first continuance on August 25, 2003 (substituting Olson for Sarfan, and resetting the trial date for November 11, 2003). Also, Wallace still maintains that he opposed the second continuance granted on November 3, 2003, see supra note 5 and Wallace-Keaton-Affidavit, at 5 (referring to October 6, 2003, letter allegedly sent to Olson opposing the continuance), yet Wallace now argues that the date after the second continuance, November 4, 2003, is the "triggering event" for purposes of the speedy trial act. Federal Habeas Petition, at 6-2.[15] Wallace then argues that the delay associated with the third continuance (when the trial court granted the Commonwealth's motion for a continuance on February 3, 2004 and reset the trial date for April 26, 2004) should not be used to toll the speedy-trial calculations because "[t]his motion by the Commonwealth does not meet the standard for delay, as the record does not support such a reason, [and] thereby [the motion] is insufficient to charge to the accused defendant according to the requirements of the [s]peedy trial provisions of Va. Code [§] 19.2-243." Id. Therefore, Wallace asserts, because there were 174 days between the

---

[15]The Court notes that in support of the instant claim (1), Wallace attached three (3) typewritten pages to his Federal Habeas Petition, labeled as "6-1" through "6-3." The Court will refer herein to those pages as such.

"triggering" date, November 4, 2003, and April 25, 2004 (the day before his trial commenced),[16] he was incarcerated at least twenty-one (21) days beyond "the 152 and a fraction days (set forth by the Court of Appeals)." Id.; see also Wallace II, at 5 (citing Ballance v. Commonwealth, 21 Va. App. 1, 6 (1995) ("The five[-]month [speedy-trial] requirement of [Va.] Code [Ann.] § 19.2-243 translates to 152 and a fraction days."))

The Court notes that Wallace's arguments in the instant petition substantively differ from those presented in his direct appeals to the state court because he did not argue to the state court that the delay associated with the third continuance should not have been accounted for in the speedy-trial calculations, see supra note 5 (noting Wallace's arguments on direct appeal limited to delays associated with the first and second continuances). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews, 105 F.3d at 910-11; Pruett, 771 F. Supp. at 1436. Because this argument was not presented to the state court either in his direct appeal or in a state habeas petition, Wallace did not satisfy the exhaustion requirement for this portion of the first sub-claim to claim (1)

---

[16]The Court notes that there were actually 173 days between November 4, 2003 and April 25, 2004, but this miscalculation does not affect the substance of Wallace's claim presented here.

because these were not the "same allegations as those advanced . . . to the highest state court." Pruett, 771 F. Supp. at 1436. If Wallace were to now attempt to present this argument in a successive petition to the Supreme Court of Virginia, it would be barred from review pursuant to Va. Code Ann. § 8.01-654(B)(2) ("No writ [of habeas corpus] shall be granted on the basis of any allegation the facts of which petitioner had knowledge of at the time of filing any previous petition.") See Clagett, 209 F.3d 370 at 378-79. This statute has been held to be an "adequate and independent state ground" barring federal habeas review of the dismissed claims. Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997) Thus, the Court FINDS this portion of the first sub-claim to claim (1), regarding the violation of Virginia's speedy trial act based upon the delay associated with the third continuance, is unexhausted and cannot be considered here. As a result, only that portion of the first sub-claim to claim (1), regarding the violation of Virginia's speedy trial act based upon the delay associated with the second continuance, was properly exhausted for purposes of the instant petition.

Likewise, the second sub-claim is not exhausted because it was never properly presented to the Supreme Court of Virginia, see supra note 9. In his direct appeals, Wallace relied solely on elements of the Virginia statute, Va. Code Ann. § 19.2-243, and he never raised the argument that the violation of this statute

amounted to a constitutional violation, see supra note 9.   Having

failed to present all of the "controlling legal principles . . . to

the state court," Matthews, 105 F.3d at 910-11, either in his

direct appeal or in a state habeas petition, Wallace is

procedurally barred from now raising this legal theory for the

first time in this Court.   Thus, the Court FINDS the second sub-

claim to claim (1), asserting a violation of the Sixth Amendment,[17]

is unexhausted and cannot be considered here.   Id.

### 2.   Claim (2) is Procedurally Defaulted

Claim (2), asserting ineffective assistance of counsel for

certain statements during closing arguments, was never presented to

the Supreme Court of Virginia.   See supra note 9.   Wallace had

knowledge of the facts underlying this claim at the time he filed

his State Habeas Petition, and he could have raised the claim at

that time.   Because he failed to do so, the claim would now be

barred from review by the Supreme Court of Virginia as procedurally

defaulted under Virginia law, Va. Code Ann. § 8.01-654(B)(2), see

Clagett, 209 F.3d 370 at 378-79, which has been held to be an

---

[17]See McGowan v. Miller, 109 F.3d 1168, 1171-72 (7th Cir. 1997)
(Sixth Amendment speedy-trial issue not preserved for federal
habeas review when claim was developed in the state courts solely
in the context of a violation of state criminal statute) (citing 28
U.S.C. § 2254(a) (federal habeas court may consider only
allegations that arise to a "violation of the Constitution or laws
or treaties of the United States")); Ford v. Armontrout, 916 F.2d
457, 460 (8th Cir. 1990) (reliance on state speedy trial statute in
state court insufficient to fairly present Sixth Amendment issue
for federal habeas purposes), cert. denied, 499 U.S. 964 (1991).

"adequate and independent state ground" barring federal habeas review of the defaulted claims, Pope, 113 F.3d at 1372. Accordingly, the Court FINDS that claim (2) is exhausted due to procedural default, Coleman, 501 U.S. at 750, and is therefore barred from this Court's review.   Thus, this Court will only address the properly exhausted portion of the first sub-claim to claim (1), regarding the violation of Virginia's speedy trial act based upon the delay associated with the second continuance, on the merits, infra.

### B. Limited Exceptions to Procedural Default

Although the aforementioned claims are procedurally defaulted, Wallace may still obtain review of his claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted.   Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the

17

> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) novelty
> of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due

diligence by the petitioner will defeat an assertion of cause. See

Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The Court notes that Wallace has not attempted to argue that

his procedural default should be excused for cause, though he

appears to suggest that he "relied on unprofessional help - the

only help available, of another inmate to file [his] State Writ."

Wallace's Response, at 1. This does not excuse the procedural

default insofar as "a criminal defendant has no right to counsel .

. . in pursuing state discretionary or collateral review."

Coleman, 501 U.S. at 756-57 ("Because [petitioner] had no right to

counsel to pursue his appeal in state habeas, any attorney error

that led to the default of [petitioner]'s claims in state court

cannot constitute cause to excuse the default in federal habeas.");

Douglas v. California, 372 U.S. 353 (1963) (right to counsel only

extends to the first level of appeal). Further, even if the Court

were to construe Wallace to argue that he should be excused for his

unfamiliarity with the legal system and his pro se status, such

factors do not constitute cause because these are not "objective

factor[s] external to the defense" under Murray v. Carrier, 477

U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758,

18

766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Moreover, because Wallace did not properly present a claim raising ineffective assistance of counsel to the Supreme Court of Virginia, see supra note 9, he may not now assert ineffective assistance of counsel as cause to excuse the default of the instant claims.     See Edwards v. Carpenter, 529 U.S. 446, 453 (2000); Murray, 477 U.S. at 489 ("[T]he exhaustion doctrine . . . requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); see also Williams v. French, 146 F.3d 203, 210 n.9 (4th Cir. 1998) (ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)).

Consequently, Wallace has failed to establish the requisite

cause for his failure to comply with the applicable state procedural rules in order for this Court to review the procedurally defaulted claims on the merits.[18]   The Court therefore FINDS that claim (2) and the aforementioned portions of claim (1) in the instant petition are procedurally barred before this Court and should be DENIED.

## B.   Merits

The Court now considers the remaining portion of claim (1) on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

---

[18]Insofar as Wallace has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims.   The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted).   Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm.   Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope V. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).

The Court further notes that Wallace has not asserted that he is entitled to the miscarriage of justice exception to procedural default.   It is the petitioner's burden to establish the exception, and Wallace has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have found him guilty.   See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing Herrera v. Collins, 506 U.S. 390, 401-02, 429 (1993) (White, J., concurring), incorporating the standard established in Jackson v. Virginia, 443 U.S. 307, 317 (1979)).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000). <u>See also</u> <u>Bell</u>, 236 F.3d at 157 (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in <u>Williams</u>[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." <u>Id.</u> at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was

21

"legally or factually unreasonable." See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).   Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).

### 1. Remaining Portion of Claim (1) is Without Merit[19]

In the instant claim (1) Wallace asserts he was denied his right to a speedy trial pursuant to Va. Code Ann. § 19.2-243[20] because he was subjected to a "total of 304 days of continuous confinement, without benefit of bail" (from his arrest on June 28, 2003, until his trial on April 26, 2004).[21]   Federal Habeas

---

[19]As the Court found supra, the only properly exhausted portion of claim (1) is that portion of the first sub-claim regarding the violation of Virginia's speedy trial act based upon the delay associated with the second continuance on the merits.

[20]"Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is committed in the circuit court within five months from the date such probable cause was found by the district court . . . ." Va. Code Ann. § 19.2-243.

[21]The Court notes that there were actually 303 days between the date of Wallace's arrest, June 28, 2003, and the date his trial commenced, April 26, 2004. Nevertheless, the Court further notes that the pertinent period of time under Virginia's speedy-trial

Petition, at 6 & 6-1 through 6-3.  Wallace did concede, however,
that "the [applicable] time periods may vary according to the
status of the defendant and the nature of the pretrial proceedings,
which occur," and that "[i]n computing the five month period, one
must consider any delays caused by several given factors establish
by the court . . . including but not limited to . . . a continuance
granted on motion of the accused, or by his concurrence in such a
motion by the Commonwealth."  Id., at 6-1.

Respondent contends that claim (1) is not subject to review by
this Court because the claim is in essence "a state law claim" as
it constitutes only a "challenge to the Commonwealth's application
of its own speedy trial statute,"[22] and "Wallace failed to raise his
speedy trial claim within the context of the Sixth Amendment, thus
there is no federal question to be decided by this Court."
Respondent's Memorandum, at 6 & 9.   Respondent further asserts

_____

statute is not measured from the date of arrest, but rather is
"five months from the date [that] probable cause was found."  Va.
Code Ann. § 19.2-243; see also supra note 20.  Thus, as applied in
Wallace's case, "272 days elapsed between the time the juvenile and
domestic relations court found probable cause to believe that
Wallace committed the three charged felonies and the commencement
of Wallace's trial on those charges [on April 26, 2004]."  Wallace
II, at 5; see also supra note 5.  Thus any inquiry into the merits
of Wallace's claim (1) would focus on whether his continuous
confinement for that period of 272 days violated Virginia law.

[22]The Court further recognizes Respondent's assertion that in
his state appeals Wallace only raised the issue of the delays
associated with the first and second continuances in making his
speedy-trial violation argument.  This coincides with the Court's
findings here, see supra note 5.

that, even if this Court were to assess the merits of Wallace's claim, it should fail because the record reflects that "the delay suffered by Wallace was not presumptively prejudicial," thus "Wallace's constitutional right to a speedy trial was not violated."[23] Id. at 9-11 (citing Doggett v. United States, 505 U.S. 647, 651 & n.1 (1992) (applying four-factor test of Barker v. Wingo, 407 U.S. 514, 530 (1972), for determining whether a Sixth Amendment speedy-trial violation occurred, and noting that period of "post accusation delay" becomes "presumptively prejudicial" as it approaches a year), and Slavek v. Hinkle, 359 F. Supp. 2d 473, 494-95 (E.D. Va. 2005) (applying Doggett, finding period of delay between indictment to trial of 193 days, "at least two months of which were specifically requested by {Petitioner}, . . . does not even approach the  length of time that would warrant a finding of

---

[23]The Court need not reach Respondent's merits argument, however, because it concurs with Respondent's assertion that this claim involves only application of state law, and is not subject to review by this Court, infra.  Nevertheless, the Court notes that Respondent appears to have misstated the essence of Wallace's claim by suggesting "that the delay about which Wallace [now] complains amounted to a total of 164 days outside the 5-month time frame prescribed by statute."  Respondent's Memorandum, at 10-11 (emphasis added).  This gives too much credit to Wallace's argument and does not comport with the Court's interpretation of Wallace's claim.  This Court has limited its review of Wallace's claim to consideration of the delays associated with the first and second continuances, which did amount to a period of 164 days, see supra note 5.  Wallace does not argue, however, that this total amount of delay was outside the five-month speedy trial requirement. Instead, Wallace argues here that he was held in custody some "21 and a fraction days" outside the statutory requirement.  Federal Habeas Petition, at 6-2.

24

presumptive prejudice.")).

Wallace presented the essence of this claim in his direct appeal to the Court of Appeals, which rejected the claim on the merits, Wallace II, see supra note 5, and to the Supreme Court of Virginia, which summarily rejected the claim, Wallace III. When the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Thus, because the Court of Appeals denied the appeal on the merits, this Court looks to the decision of the Court of Appeals (Wallace II) as the last reasoned state judgment on this claim. In that decision, the Court of Appeals examined the entire record and determined that the delays from the first and second continuances were attributable to Wallace for speedy trial purposes. In so doing, the court applied the pertinent portions of Va. Code Ann. § 19.2-243 and relied solely on Virginia cases interpreting that statute. Thus, to the extent this determination only involved application of state law, it is not subject to review by this Court. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Based on the foregoing this Court FINDS that Wallace has failed to show either that the state court unreasonably determined

the facts or unreasonably applied federal law in dismissing claim
(1). As such, this Court RECOMMENDS that claim (1) be DENIED.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court, having denied Wallace's
motion for appointment of counsel, and having found that claim (2),
the second sub-claim to claim (1) (concerning a violation of his
Sixth Amendment rights to a speedy trial), and that portion of the
first sub-claim to claim (1) (concerning the delay associated with
the third continuance), are procedurally defaulted pursuant to an
adequate and independent state ground, and having found that the
remaining portion of the first sub-claim to claim (1) (concerning
the delay associated with the second continuance) is without merit,
recommends that Wallace's petition for a writ of habeas corpus be
DENIED, that Respondent's motion to dismiss be GRANTED, and that
all of Wallace's claims be DISMISSED WITH PREJUDICE.

Wallace has failed to demonstrate "a substantial showing of
the denial of a constitutional right." Therefore, it is
recommended that the Court decline to issue any certificate of
appealability pursuant to Rule 22(b) of the Federal Rules of
Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-
36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are
notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____
United States Magistrate Judge

Norfolk, Virginia
March 31, 2008

27

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Mark A. Wallace, #337808
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia  23870
PRO SE

Leah A. Darron, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT


                              Fernando Galindo,
                              Clerk of Court

                    By:    _____
                           Deputy Clerk

                           March 31, 2008

28